LINDBERGH PORTER, Bar No. 100091
KURT R. BOCKES, Bar No. 171647
DEBORAH OLALEYE, Bar No. 315838
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: 415.433.1940
Fax No.: 415.399.8490
Email: lporter@littler.com
       kbockes@littler.com
       dolaleye@littler.com

Attorneys for Defendant
ESA MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA ARIZMENDI, an individual, on behalf of the State of California, as a private attorney general, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ESA Management, LLC, a Delaware Limited Liability Company, and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT BY DEFENDANT ESA MANAGEMENT, LLC**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>Santa Clara County Superior Court<br>Case No. 18V333342<br>Complaint Filed: August 21, 2018 |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE TO FEDERAL COURT OF REMOVAL

**TO THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant ESA MANAGEMENT, LLC (hereinafter "ESA" or "Defendant"), hereby notices the removal of the above-captioned suit from the Santa Clara County Superior Court ("Superior Court") to the United States District Court for the Northern District of California, San Jose Division (the "District Court"). This removal is based on 28 U.S.C. §§ 1441 and 1446. This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C § 1332(d) (Class Action Fairness Act or "CAFA").

As required by 28 U.S.C. § 1446(d), Defendant is filing in the Superior Court of the State of California, County of Santa Clara, and serving upon Plaintiff and her counsel of record, a <u>Notice To State Court and Adverse Parties of Removal of Civil Action to Federal Court</u> (with these removal papers attached). A true and correct copy of said Notice without its attachments is attached hereto as **Exhibit A**.

In support of this Notice of Removal, Defendant states the following:

**I.   STATE COURT PROCEEDINGS**

1.   On or about August 21, 2018, Plaintiff Sandra Arizmendi ("Plaintiff" or "Arizmendi") filed a putative class action Complaint in the Superior Court of California, County of Santa Clara, which is captioned as follows: *Sandra Arizmendi, an individual, on behalf of the State of California, as a private attorney general, and on behalf of all others similarly situated v. ESA Management, LLC, and Does 1 through 50, inclusive*, designated as Case No. 18CV333342. A true and correct copy of the Complaint served on Defendant on August 23, 2018 is attached hereto as **Exhibit B** (hereinafter the "Complaint") and incorporated herein by reference. A true and correct copy of the Proof of Service of Summons is attached hereto as **Exhibit C**.

2.   Plaintiff's Complaint alleges six causes of action for: (1) Failure to Provide Off-Duty Rest Periods To and Pay Rest Break Premiums; (2) Failure to Provide Off-Duty Meal Periods To and Pay Meal Period Premiums; (3) Failure to Provide Complete/Accurate Wage Statements in Violation of Labor Code Section 226(a); (4) Failure to Pay All Wages Owed Upon Termination; (5) UCL Violations; and (6) PAGA and Other Penalties.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

2    Case No. 18CV333342
NOTICE TO FEDERAL COURT OF REMOVAL

3. In addition to her own claims, Plaintiff seeks to represent various classes. (*See* Complaint ¶¶ 7-9.)

  a. <u>Non-exempt Hourly Employee Class:</u> Plaintiff seeks to represent a proposed class that consists of and is defined as: "[A]ll non-exempt hourly individuals who are or were employed by ESA Management, LLC or its predecessor or merged entities in the State of California, who are or were classified as non-exempt at any time from four years prior to the filing of this Complaint and ongoing."

  b. <u>Rest Period Subclass:</u> Plaintiff seeks to represent a subclass defined as "all Class Members who worked at least one shift which lasted more than 3.5 hours."

  c. <u>Meal Period Subclass:</u> Plaintiff seeks to represent a subclass defined as "all Class Members who worked at least one shift which lasted more than 5 hours."

  d. Plaintiff also seeks to represent the State of California and two groups collectively referred to as "Aggrieved Employees."

    i. <u>Rest Period Aggrieved Employees:</u> Plaintiff seeks to represent "all hourly non-exempt individuals, who are or were employed by ESA Management, LLC, or its predecessor or merged entities in California who worked at least one shift longer than 3.5 hours at any time from May 23, 2017 and ongoing."

    ii. <u>Meal Period Aggrieved Employees:</u> Plaintiff seeks to represent "all hourly non-exempt individuals, who are or were employed by ESA Management, LLC, or its predecessor or merged entities in California who worked at least one shift longer than 5 hours at any time from August 17, 2017 and ongoing."

4. In her Complaint, Plaintiff states that she is a resident of the State of California and was employed by Defendant in the State of California. (*See* Complaint ¶ 6.)

5. Plaintiff seeks actual damages, restitution, declaratory relief, statutory penalties, civil penalties, attorneys' fees and costs of suit, among other damages. (*See* Complaint, Relief Requested.) Plaintiff's Complaint is otherwise silent as to the value of relief sought by way of this action.

6. On August 23, 2018, Defendant was served with a Notice of Case Management

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

3 Case No. 18CV333342
NOTICE TO FEDERAL COURT OF REMOVAL

Conference. A true and correct copy of the Notice of Case Management Conference is attached hereto as **Exhibit D**.

7. Defendant filed a timely Answer to the Complaint on September 21, 2018. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit E**.

8. To the best of Defendant's knowledge, no further proceedings have been filed in the State Court Action, and the papers described above constitute all process, pleadings and orders served in the State Court Action.

## II.   TIMELINESS OF REMOVAL

9. The instant Notice of Removal of Civil Action has been timely filed because it is made within thirty (30) days after the receipt by Defendant of a copy of the initial pleading which sets forth the removable claim. *See* 28 U.S.C. § 1446(b); Federal Rule of Civil Procedure, Rule 6(a)(1)(C); (*See* Exhibits B-C).

## III.  JURISDICTION AND VENUE

10. This is a suit of a wholly civil nature brought in a California court. Venue is appropriate in this Court for purposes of this removal because the action was removed from the Superior Court of California for the County of Santa Clara to the District embracing the place where the action is pending pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a) and 1446.

11. The District Court also has original jurisdiction under the CAFA, 28 U.S.C. section 1332(d), and the action may be removed pursuant to 28 U.S.C. section 1446, in that this action is brought on behalf of greater than one hundred (100) persons, at least one of whom is a citizen of a state different from any defendant, wherein the amount in controversy exceeds the sum of five million dollars ($5,000,000), exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

## IV.  INTRADISTRICT ASSIGNMENT

12. All civil actions that arise in the county of Santa Clara shall be assigned to the San Jose Division. Northern District Local Rule 3-2(e), 3-5(b). Therefore, assignment to the San Jose Division is proper.

## V.   REMOVAL JURISDICTION PURSUANT TO CAFA

13. This Court has original jurisdiction over this action pursuant to the Class Action

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

4                         Case No. 18CV333342
NOTICE TO FEDERAL COURT OF REMOVAL

Fairness Act of 2005 ("CAFA").  The CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which there are greater than 100 members of the class, and any member of a class of plaintiffs is a citizen of a state different from any defendant and the matter in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs. 28 U.S.C. § 1332(d).  The CAFA authorizes removal of qualifying actions in accordance with 28 U.S.C. § 1446.  This case meets each of the CAFA requirements for removal because, as is set forth more particularly below: (1) the proposed class contains at least 100 members; (2) there is diversity between at least one putative class member and the only named defendant; (3) the total amount in controversy exceeds $5,000,000; and (4) Defendant is not a state, state official, or other governmental entity.

### A. Plaintiff's Action is Pled as a Class Action.

14. Under CAFA, "class action" means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

15. Plaintiff's Complaint asserts that she is attempting to represent a class of former and current employees of Defendant during a time period starting from four years before the filing of the action. (*See* Complaint ¶ 8.)

### B. Plaintiff Brought This Action on Behalf of More Than 100 Persons.

16. The CAFA provides that "the number of members of all proposed plaintiff classes in the aggregate [not be] less than 100." 28 U.S.C. § l332(d)(5)(B).  CAFA defines "class members" as those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(l)(D).

17. Here, the putative class Plaintiff purports to represent significantly exceeds one hundred (100) members.  Plaintiff seeks to certify a class consisting of "all non-exempt hourly individuals who are or were employed by ESA Management, LLC or its predecessor or merged entities in the State of California, who are or were classified as non-exempt at any time from four years prior to the filing of this Complaint and ongoing." (*See* Complaint ¶ 8.)  Defendant's records indicate that between August 21, 2014 and April 24, 2018, it employed approximately 4,330 non-

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

5

Case No.  18CV333342

NOTICE TO FEDERAL COURT OF REMOVAL

exempt employees in California during this period.[1] (*See* **Exhibit F** [Declaration of Alvaro Castillo (hereinafter "Castillo Decl.")], ¶ 4.)

18.  Plaintiff's proposed class significantly exceed one hundred (100) members. Thus, CAFA's numerosity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. Plaintiff Is a Citizen of California And Defendant Is Not.

19.  CAFA diversity jurisdiction exists if "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

20.  For diversity purposes, an individual is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is *prima facie* evidence of domicile. *See Lew v. Moss*, 797 F.2d 747,751 (9th Cir. 1986) (holding that residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (holding that allegation in state court complaint of residency "create[s] a presumption of continuing residence in [state] and put[s] the burden of coming forward with contrary evidence on the party seeking to prove otherwise"). Per Plaintiff's Complaint, "Plaintiff Sandra Arizmendi is a citizen of California." (*See* Complaint ¶ 6.) Defendant's employment records reflect that Plaintiff informed the Company that her home address was in Hayward, California. (Castillo Decl., ¶ 3.)

21.  For diversity purposes, a corporation is deemed to be a "citizen" of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), the United States Supreme Court clarified the test that is to be applied to determine a corporation's principal place of business. The Court concluded that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." In practice, it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office

---

[1] Please note that the calculations and estimates used throughout and in support of this Notice are based on the number of employees during the respective start date until the end of April 2018.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

6   Case No. 18CV333342
NOTICE TO FEDERAL COURT OF REMOVAL

1 where the corporation holds its board meetings." *Id*.

2   22.   Defendant is a limited liability company organized under the laws of the State of Delaware. (Castillo Decl., ¶ 2.) Defendant's corporate and executive offices are located in Charlotte, North Carolina. (*Id.*) Defendant's chief executives, including but not limited to the Chief Executive Officer, Chief Financial Officer, Chief Accounting Officer, Chief Human Resources Officer, and Chief Asset Merchant are based in Charlotte, North Carolina. (*Id.*) Additionally, Charlotte, North Carolina is where all of Defendant's primary administrative functions and operations, including but not limited to payroll, human resources, and talent management are performed. (*Id.*)

   23.   As a result, Defendant's principal place of business is in Charlotte, North Carolina.

   24.   Does 1 through 50, inclusive, are wholly fictitious (*See* Complaint ¶ 13.) Plaintiff's Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. The citizenship of these doe defendants is to be disregarded for the purposes of determining diversity jurisdiction, and therefore cannot destroy the diversity of citizenship between the parties in this action. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

   25.   Accordingly, Plaintiff is a citizen of California, Defendant is organized and has its principal place of business outside California, and the minimum diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

   **D.   More Than $5,000,000 Lies In Controversy.**

   26.   CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The claims of the individual class members "shall be aggregated" to determine whether the matter in controversy exceeds this amount. 28 U.S.C. § 1332(d)(6).

   27.   Plaintiff has not alleged a specific amount in controversy in her Complaint. "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy has been met." *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Abrego Abrego v. Dow Chemical Co.*, 443 F. 3d 676, 683 (9th Cir. 2006). That is, the defendant need only provide evidence establishing

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

7                                    Case No. 18CV333342

NOTICE TO FEDERAL COURT OF REMOVAL

1    that it is "more likely than not" that the amount in controversy exceeds CAFA's $5 million requirement. *See Guglielmino*, 506 F. 3d at 699; *accord, Rodriguez v. AT & T Mobility Serv. LLC*, 728 F.3d 975 (9th Cir. 2013).

28. While Defendant denies Plaintiff's claims of wrongdoing and denies her request for relief thereon, the facial allegations in Plaintiff's Complaint and the total amount of statutory damages and attorneys' fees at issue in this action, when viewed in the light most favorable to Plaintiff, is in excess of the jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiffs' allegations, sufficient to support finding that jurisdictional limits satisfied). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations omitted). *See also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by plaintiff's complaint). The estimate of the amount in controversy should not be based on the "low end of an open-ended claim," but rather on a "reasonable reading of the value of the rights being litigated." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (citation omitted).

29. Further, as one district court held, "[u]nder this standard, the removing party's burden is not daunting," and defendants are not obligated to "research, state, and prove the plaintiff's claims for damages.'" *Cagle v. C & S Wholesale Grocers, Inc.*, No. 2:13-cv-02134-MCE-KJN, 2014 U.S. Dist. LEXIS 21571, at *19-20 (E.D. Cal. Feb. 19, 2014) (citations omitted) (denying remand motion). That court noted that "[w]hen a '(d)efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '(d)efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Id.* at *20, *quoting Behrazfar v. Unisys Corp.*, 687 F.Supp.2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted). Importantly, Defendant need not provide summary judgment-type evidence. *Cagle,* 2014 U.S. Dist. LEXIS 21571, at *21.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

8     Case No. 18CV333342

NOTICE TO FEDERAL COURT OF REMOVAL

30. Plaintiff seeks statutory and actual damages, attorneys' fees and declaratory relief. (*See* Complaint, Relief Requested.)

31. With respect to her wage and hour claims alone, without adding potential PAGA penalties, Plaintiff's claimed damages exceed $5,000,000. Plaintiff seeks to represent a class of all of Defendant's hourly paid employees who have been employed in California over a four-year period prior to the filing of the Complaint. (*See* Complaint ¶ 8.) Plaintiff alleges causes of action for: (1) Failure to Provide Off-Duty Rest Periods To and Pay Rest Break Premiums; (2) Failure to Provide Off-Duty Meal Periods To and Pay Meal Period Premiums; (3) Failure to Provide Complete/Accurate Wage Statements in Violation of Labor Code Section 226(a); (4) Failure to Pay All Wages Owed Upon Termination; (5) UCL Violations; and (6) PAGA and Other Penalties.

32. California Code of Civil Procedure section 338(a) provides that the statute of limitations for actions to recover wages is three (3) years. However, Plaintiff's Complaint asserts that Defendant's alleged Labor Code violations predicate a claim under California Business and Professions Code sections 17200, et seq. (the "UCL"). A four-year statute of limitations applies to UCL claims, including recovery of wages and related damages. Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 177-179 (2000) (holding actions for unpaid wages pursuant to the UCL are subject to a four-year statute of limitations).

33. Defendant's records indicate that the Company has employed approximately 4,330 individuals as non-exempt hotel employees during this time. (Castillo Decl., ¶ 4.) To assist in determining the amount in controversy, Defendant determined the average number of workweeks that each non-exempt employee worked at a California location during the putative four-year statute of limitations. (Castillo Decl., ¶ 4.) The average number of workweeks worked by each hourly employee at a California location during the putative four-year statute of limitations is 73. (*Id.*) The current average hourly rate earned by non-exempt hotel employees in California during is $13.35. (Castillo Decl., ¶ 5.)

34. Defendant denies the validity and merit of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, assuming Plaintiff's claims to be true for purposes of this removal only, it is apparent

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

9   Case No. 18CV333342

NOTICE TO FEDERAL COURT OF REMOVAL

that Plaintiff seeks monetary relief exceeding the CAFA jurisdictional minimum.

### 1. Failure to Provide Off-Duty Meal Periods.

35. Plaintiff alleges that pursuant to Defendant's policy, Plaintiff and the members of the class were not provided with meal periods in accordance with applicable Industrial Welfare Commission Wage Order and the California Labor Code sections 226.7 and 512, whereby they were relieved of all duties during their meal periods. (*See* Complaint ¶¶ 1, 25, 28, 33, 44-49.) The Complaint does not specify the frequency of missed meal periods. Based on the far-reaching allegations in Plaintiff's Complaint, Defendant calculated the amount in controversy on Plaintiff's Meal Period Claim by conservatively estimating one missed meal period violation per employee per week.

36. California Labor Code section 226.7 imposes a penalty of one hour of pay for each meal break that the employer does not provide. Therefore, although Defendant denies the validity of this claim, assuming just one meal period violation per employee per week, the amount at issue for Plaintiff's meal period claim, without considering whether Plaintiff or putative class members were not provided with a second meal period, is: **$4,219,801.50** [1 meal period * 4,330 putative class members * 73 workweeks * 13.35 average rate of pay]

### 2. Failure to Provide Off-Duty Rest Periods.

37. Plaintiff alleges that she and other putative class members were not authorized or permitted to take rest periods. (*See* Complaint ¶¶ 1, 22, 24, 33, 37-43.) The Complaint does not specify the frequency of missed rest periods. Based on the far-reaching allegations in Plaintiff's Complaint, Defendant calculated the amount in controversy on Plaintiff's Rest Period Claim by conservatively estimating one rest period violation per employee per week. *See Quintana v. Claire's Stores*, 2013 U.S. Dist. LEXIS 58289, *21 (N.D. Cal., Apr. 22, 2013) ("estimates of one meal or rest break violation per week is an acceptable method to calculate possible damages for these claims"). California Labor Code section 226.7 imposes a penalty of one hour of pay for each rest break that the employer does not provide. Therefore, assuming just one rest period violation per employee per week, the amount at issue for Plaintiff's Rest Period Claim for hotel employees in California is: **$4,219,801.50** [1 rest period * 4,330 putative class members * 73 workweeks * 13.35 average rate of

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

10                                      Case No. 18CV333342

NOTICE TO FEDERAL COURT OF REMOVAL

pay] (Castillo Decl., ¶¶ 4-5.)

### 3. Failure to Issue Accurate Itemized Wage Statements.

38. Plaintiff alleges Defendant failed to issue accurate itemized wage statements to her and the putative class members and is subject to civil penalties as a result. (*See* Complaint ¶¶ 1, 32, 50-56.) Labor Code section 226(c) provides for penalties in the amount of "fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000)." Plaintiff's Wage Statement Claim is limited by the statute of limitations to the one year prior to the filing of the Complaint, *i.e.* August 21, 2017. *See Singer v. Becton, Dickinson & Co., Med-Safe Sys.*, 2008 U.S. Dist. LEXIS 56326, *11-14 (S.D. Cal. July 23, 2008).

39. Between August 21, 2017 and April 24, 2018, when the data was pulled, Defendant employed approximately 1,726 non-exempt employees in California. (Castillo Decl., ¶ 7.) These employees worked an average of 32 workweeks in that period. (*Id.*) The Company pays employees on a bi-weekly basis. (Castillo Decl., ¶ 9.) As such, each employee was issued an average of 16 wage statements. Defendant provided approximately 27,616 wage statements during the statutory period [1,726 employees * 16 pay periods]. 1,726 of these wage statements would be assessed at the "initial pay period" rate of $50, yielding, $86,300. The remaining 25,890 wage statements would be assessed at the "subsequent pay period" rate of $100, yielding $2,589,000. Accordingly, the total potential exposure for allegedly non-compliant wage statements exceeds **$2,675,300**.

### 4. Waiting Time Penalties.

40. Plaintiff and the putative class members seek waiting time penalties pursuant to Labor Code section 203. (*See* Complaint ¶¶ 57-63.) Labor Code section 203 provides for penalties in an amount up to 30 days' wages for failure to timely pay wages to employees upon their termination. Cal. Lab. Code § 203. The statute of limitations on a claim for waiting time penalties is three years and is not increased by the UCL. *See Pineda v. Bank of America, N.A.*, 50 Cal.4th 1389 (2010) (statute of limitations not increased for penalties pursuant to Labor Code section 203 because these penalties cannot be recovered as restitution under the Unfair Competition law). Between August 21, 2015 and April 24, 2018, when the data was pulled, there were approximately 2,445 non-exempt

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

11   Case No. 18CV333342

NOTICE TO FEDERAL COURT OF REMOVAL

hotel employees in California terminated. (Castillo Decl., ¶ 6.) Defendant's non-exempt employees in California may work on either a part-time or full-time basis. (Castillo Decl., ¶ 8.) Full time employees typically work 7.5 to 8 hours per day while part-time employees' hours vary from 4-8 hours per day. (*Id.*) Assuming conservatively that each of the terminated non-exempt hotel employees worked only 4 hours per day, the amount at issue for Plaintiff's Waiting Time Penalty Claim is **$3,916,890** [$13.35 average rate of pay * 4 hours * 30 days * 2,445 putative class members].

### 5. PAGA Claim.

41. In addition to the above, Plaintiff seeks to recover penalties under PAGA for Defendant's "failure to provide accurate and itemized wage statements," as well as for the other alleged claims in her Complaint. (*See* Complaint, ¶¶ 75-84.)

42. The Complaint is silent as to the value of the penalties and other relief Plaintiff claims in the aggregate. Plaintiff does not allege the number of "aggrieved employees" or pay periods at issue. Because the total amount in controversy pled in Plaintiff's Complaint is "unclear or ambiguous" on its face, the "preponderance of the evidence standard" applies to determine the amount in controversy in this case for purposes of removal. *See Guglielmino, supra,* 506 F. 3d at 699; *Abrego, supra,* 443 F. 3d at 683.

43. The PAGA allows "aggrieved employees" to recover civil penalties for violations of the Labor Code. *See Arias v. Superior Court*, 46 Cal. 4th 969, 980 (2009). For provisions of the Labor Code that specifically provide for a civil penalty, the PAGA allows aggrieved employees to collect such penalties. *See* Lab. Code § 2699(a). For Labor Code provisions that do not provide for civil penalties, PAGA provides a default penalty as follows:

> If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. Lab. Code §2699(f)(2).

44. Courts have recognized that when an action alleges a PAGA claim, the amount in controversy includes the alleged relief sought on behalf of all aggrieved employees, not just the

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

12   Case No. 18CV333342

NOTICE TO FEDERAL COURT OF REMOVAL

1  named plaintiff.  Further, for the purposes of calculating the amount in controversy in the CAFA
2  context, courts in this jurisdiction have held that 100% of PAGA penalties (as opposed to only the
3  25% that is paid to the putative class members) may be included in the aggregation of the value of
4  the claims at issue. *See e.g., Pagel v. Dairy Farmers Of America, Inc.*, 2013 U.S. Dist. LEXIS
5  176273 (C.D. Cal. Dec. 11, 2013); *Brooks v. Life Care Centers of America, Inc., et al.*, 214 U.S.
6  Dist. LEXIS 27539 (C.D. Cal. Feb. 21, 2014).

7  45.  The statute of limitations for PAGA actions is one year. *See* Code Civ. Proc. § 340;
8  Lab. Code § 2699.3(d).  Plaintiff's PAGA action was pled in her Complaint, filed August 21, 2018.
9  Plaintiff seeks to represent one group of "aggrieved employees," defined as hourly non-exempt
10 individuals, who are or were employed by ESA in California who worked at least one shift longer
11 than 3.5 hours at any time from May 23, 2017 and ongoing. (*See* Complaint ¶ 7.)  Plaintiff also seeks
12 to represent another group of "aggrieved employees," defined as "hourly non-exempt individuals,
13 who are or were employed by ESA in California who worked at least one shift longer than 5 hours at
14 any time from August 15, 2017 and ongoing." (*Id.*) As quoted above, the default penalty under
15 PAGA is calculated on a per-pay-period basis. Lab. Code §2699(f)(2). Defendant paid putative class
16 members on a bi-weekly basis. (Castillo Decl., ¶ 9.)

17 46.  Plaintiff's PAGA claim alleges violation of each of the above-discussed meal and rest
18 period, wage statement and waiting time claims on behalf of herself and "aggrieved employees."
19 (*See* Complaint ¶¶ 75-84.)

20 47.  The PAGA civil penalties on each alleged PAGA violation would be in addition to
21 the statutory penalty amounts already calculated above.

### 6.  Attorneys' Fees.

23 48.  Plaintiff seeks attorneys' fees in her Complaint pursuant to all her causes of action. It
24 is well settled that, in determining whether a complaint meets the amount in controversy
25 requirement, the Court should consider the aggregate value of claims for damages *as well as*
26 attorneys' fees. *See, e.g., Galt GIS v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998)
27 (attorneys' fees may be taken into account to determine jurisdictional amounts).  In California, it is
28 not uncommon for an attorneys' fees award to be 25 to 33 percent of the recovery. *See, e.g., Chavez*

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

13                           Case No. 18CV333342
NOTICE TO FEDERAL COURT OF REMOVAL

*v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 n.11 (2008), *quoting Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

49. Plaintiff seeks attorneys' fees for Defendant's alleged California Labor Code violations. (*See* Complaint, Relief Requested.) Sizeable fee awards are recognized in class actions involving asserted violations of the Labor Code, including Labor Code sections 203 and 226.7. *See e.g., Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-18 (2008) (affirming award of $757,000 in attorneys' fees in a Labor Code section 203 matter); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims seeking waiting time penalties)); *Pellegrino v. Robert Half Int'l, Inc.*, 182 Cal. App. 4th 278, 287, 296 (2010) (affirming $558,926 in attorneys' fees for an overtime and meal/rest period class). Defendant has calculated that Plaintiff has placed in excess of **$15,031,793** in damages in controversy under the CAFA. Twenty-five (25) percent of Plaintiff's alleged damages is **$3,757,948.25**.

### 7. The Total Amount In Controversy Exceeds $5,000,000.00.

50. Defendant has taken the sum total of the amount in controversy for each alleged violation set forth in Section D(1)-(5), above:

| Alleged Violation | Total Amount in Controversy Calculated for Alleged Violation |
|---|---|
| Failure to Provide Off-Duty Meal Periods | $ 4,219,801.50 |
| Failure to Provide Off-Duty Rest Periods | $ 4,219,801.50 |
| Failure to Issue Accurate Itemized Wage Statements | $ 2,675,300.00 |
| Waiting Time Penalties | $ 3,916,890.00 |
| Attorneys' Fees for the Above-Listed Alleged Violations (25%) | $ 3,757,948.25 |
| PAGA Penalties* | $ |
| **Total:** | **$ 18,789,741.25** |

*Civil Penalties at $100/$200 pay period per employee per claim.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

14

Case No. 18CV333342

NOTICE TO FEDERAL COURT OF REMOVAL

51. Accordingly, although ESA denies Plaintiff's claims of wrongdoing, based on the foregoing, Plaintiff's claims for damages, attorneys' fees, and other monetary relief conservatively exceed the jurisdictional minimum under CAFA. Particularly given the assertion by Plaintiff that she is seeking "all available" remedies, the amount in controversy clearly exceeds $5 million.

**E.   Defendant Is Not A State, State Official, or Other Governmental Entity.**

52. Defendant is a Limited Liability Company. It is not a state, state official, or other government entity.

**VI.   CONCLUSION**

53. Based upon the foregoing, Defendant submits that it has proven by more than a preponderance of evidence that the District Court may exercise original jurisdiction over this action.

**NOTICE TO PLAINTIFF AND THE STATE COURT**

54. Contemporaneously with the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(b), Defendant is providing Plaintiff, through her counsel, with written notice of the removal.

55. Further, Defendant is also concurrently filing a copy of the Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Santa Clara, pursuant to 28 U.S.C. §1446(d).

Dated: September 21, 2018

        /s/ *Kurt R. Bockes*
LINDBERGH PORTER
KURT R. BOCKES
DEBORAH OLALEYE
LITTLER MENDELSON, P.C.
Attorneys for Defendant
ESA MANAGEMENT, LLC

FIRMWIDE:157070154.1 052026.1166

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

15   Case No. 18CV333342
NOTICE TO FEDERAL COURT OF REMOVAL