UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA ARIZMENDI,<br><br>    Plaintiff,<br><br>    v.<br><br>ESA MANAGEMENT, LLC,<br><br>    Defendants. | Case No. 18-cv-05821 NC<br><br>**ORDER TO DEFENDANT TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

    Defendant ESA Management, LLC, removed this putative class action case from Santa Clara County Superior Court, asserting that this Court has subject matter jurisdiction over the case under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). ECF 1. CAFA, as relevant to this order, requires there to be diversity of citizenship between "any member of a class of plaintiffs" and "any defendant." 28 U.S.C. § 1332(d)(2)(A). The burden is on the removing defendant to establish jurisdiction under CAFA. If jurisdiction is not established, then the case must be remanded back to state court. This is because the federal courts are courts of limited jurisdiction.

    Here, ESA asserts that diversity of citizenship is established because plaintiff Arizmendi is a California citizen and ESA has its "principal place of business" in North Carolina. Notice of Removal, ECF 1, at ¶¶ 19-25. But ESA is applying the wrong

Case No. 18-cv-05821 NC

standard. ESA is a Limited Liability Company (LLC). "Like a partnership" an LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). ESA's removal notice does not show that its members are citizens of states other than California.

Consequently, ESA must show cause in a writing filed by October 5, 2018, as to why this case should not be remanded to state court for lack of subject matter jurisdiction. If plaintiff Arizmendi wishes to respond, she may file a responding brief by October 12.
.

**IT IS SO ORDERED.**

Dated: September 25, 2018  

NATHANAEL M. COUSINS
United States Magistrate Judge